IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PATRICIA KRUZICK, on behalf of herself and a class, </br></br>　　　　　Plaintiff, </br></br>　　　vs. </br></br>REGIONAL ADJUSTMENT BUREAU, INC., </br></br>　　　　　Defendant. | Case No. 3:14-cv-1630 |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.　　Plaintiff Patricia Kruzick brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Regional Adjustment Bureau, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

### VENUE AND JURISDICTION

2.　　This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

3.　　Venue and personal jurisdiction in this District are proper because:

　　　a.　　Defendant's collection communications and activities impacted plaintiff within this District;

　　　b.　　Defendant does business within this District.

### PARTIES

4.　　Plaintiff, Patricia Kruzick, is a resident of Mishawaka, Indiana.

5.　　Defendant, Regional Adjustment Bureau, Inc., is a Tennessee corporation. It has offices at 1349 Rainsong Cove, Cordova, Tennessee 38018. Its registered agent is CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, Indiana 46204.

6. Regional Adjustment Bureau, Inc., operates a collection agency business.

7. Defendant states on its web site, "Since our inception in 1971, Regional Adjustment Bureau has been a nationally recognized leader in receivables management. We make sure all your compliance issues are addressed including state licensing, network security audits and the protection of all sensitive information. Our collection specialists use all available tools to locate and liquidate debt in the most expedient manner while preserving customer goodwill." (http://www.rabinc.com/)

8. Regional Adjustment Bureau, Inc., uses the mails and telephone system to collect consumer debts originally owed to others.

9. Regional Adjustment Bureau, Inc., is a debt collector as defined in the FDCPA.

## FACTS

10. On or about April 20, 2014, Regional Adjustment Bureau, Inc., sent plaintiff the letter attached as Exhibit A.

11. Exhibit A seeks to collect a debt on behalf of Fifth Third Bank Toledo OH.

12. Exhibit A states that "There is a small fee of $9.95 for the additional service and convenience that we provide in allowing you to pay this debt more quickly than you could by sending a check.  There will be an $9.95 charge to your credit card for using the credit card option."

13. There is no basis for charging such a fee.  State law does not expressly permit such a fee.  No contract authorizes it.  *Shami v. National Enterprise Systems* 09 cv 722, 2010 WL 3824151 (E.D.N.Y. September 23, 2010).

## COUNT I – FDCPA

14. Plaintiff incorporates paragraphs 1-13.

15. Regional Adjustment Bureau, violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1) by (a) stating on Exhibit A that "There is a small fee of $9.95..." for paying by credit card,  when no such fee may be charged in Indiana, (b) representing expressly or by

implication that such fees could lawfully be charged, and (c) charging "service fees" or "convenience fees".

16. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**
>
> **(A)    the character, amount, or legal status of any debt; or**
>
> **(B)    any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

17. Section 1692f provides:

> **§ 1692f.    Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

## CLASS ALLEGATIONS

18. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

19. The class consists of (a) all individuals with Indiana addresses, (b) who were sent a letter (c) seeking to collect a debt (d) which letter referred to a fee for paying by credit card, and (e) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

20. On information and belief, the class is so numerous that joinder of all members is

not practicable.

21. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether defendant's service fee or convenience fee is prohibited by Indiana law and (b) whether a letter representing that such fees may be charged violates the FDCPA.

22. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

23. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

24. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible;

   b. Members of the class are likely to be unaware of their rights;

   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

   i. Statutory damages;

   ii. Actual damages in favor of all class members charged the service fees or convenience fees;

   iii. Attorney's fees, litigation expenses and costs of suit;

   iv. Such other and further relief as the Court deems proper.

s/Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF ASSIGNMENT

      Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                          s/Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

      s/Daniel A. Edelman